IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AUTHOR ANDERSON, et al., | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | No. 3:24-CV-3113-S-BW |
| | § | |
| CITY OF DESOTO, et al., | § | |
| Defendants. | § | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendant Elma Goodwin's Motion to Dismiss filed on

January 23, 2026.  (Dkt. No. 17.)  Goodwin also filed a brief in support (Dkt. No. 18

("Br.")) and appended documents.[2]  On February 25, 2026, Plaintiffs filed a

Protective Response to Defendant Elma Goodwin's Motion to Dismiss and Request

for Leave to Supplement.  (Dkt. No. 37.)  Goodwin has not filed a reply within the

time permitted.  *See* N.D. Tex. L. Civ. R. 7.1(f).

---

[1] By Special Order 3-251, this pro se case has been automatically referred to the undersigned magistrate judge for case management pursuant to 28 U.S.C. § 636(b).  (See Dkt. No. 1.)

[2] Goodwin's submission of supporting materials does not comply with court rules, which provide that "[a] party who relies on materials . . . to support or oppose a motion must include the materials in an appendix."  N.D. Tex. L. Civ. R. 7.1(i)(1).  "The appendix must be assembled as a self-contained document, separate from the motion, response, reply, and brief," and "must be numbered sequentially[.]"  N.D. Tex. L. Civ. R. 7.1(i)(2), (4).  Although the Court chooses in this instance not to strike Goodwin's documents for failure to comply with these rules, it points out the noncompliance to emphasize the importance of compliance and encourage the parties to follow this requirement in the future.  The local rule's requirement "streamlines the resolution of motions by making it easier for the court to locate materials in appendices that are relied on by the parties."  *State Farm Life Ins. Co. v. Bryant*, No. 3:18-CV-1628-L, 2019 WL 7938266, at *6 (N.D. Tex. May 16, 2019).

For the reasons explained below, the undersigned magistrate judge recommends that Goodwin's motion to dismiss be granted and Plaintiffs' claims against Goodwin be dismissed with prejudice.

## I.  BACKGROUND

Plaintiffs Author Anderson ("Author") and Samella Anderson ("Samella"), appearing pro se in this action, sue a municipality, the chief and the assistant chief of the police department, a city councilwoman, and Elma Zine Goodwin.  (*See generally* Dkt. No. 9 ("Am. Compl.").)  Generally, Plaintiffs' lawsuit involves allegations that Defendants have engaged in harassment, defamation, intimidation, and retaliation against Plaintiffs and their rights under the First and Fourth Amendments.  (*See generally id.* ¶¶ 1-4.)  Plaintiffs assert that Defendants have violated Plaintiffs' rights by facilitating false reports of crime, retaliating against protected speech, engaging in unlawful surveillance and intimidation, destroying evidence, denying Plaintiffs access to justice, and misusing government resources.  (*Id.* ¶ 5.)

With respect to Goodwin specifically, Plaintiffs allege that the police department "enable[ed] false reporting by . . . Goodwin."  (Am. Compl. ¶ 6(c).)  They further allege that Goodwin "knowingly filed a false police report" against Samella in July 2021 that resulted in Samella's prosecution and that Goodwin did so after Samella was part of a campaign to unseat Goodwin from a homeowner's association board.  (*Id.* ¶ 15(a); *see id.* ¶ 28(a).)  Samella was acquitted in December

2022. (*Id.* ¶ 28(d).) Plaintiffs allege that Goodwin has a history of filing or threatening false reports and defamation against them. (*Id.* ¶ 15(b).)

Plaintiffs admit in the amended complaint that Samella previously sued Goodwin for defamation, abuse of process, and malicious prosecution and that "the presiding judge ruled in favor of Goodwin[.]" (*Id.* ¶ 11(b); *see also id.* ¶ 21(a).) Plaintiffs assert, however, that the judicial ruling "raised concerns of potential bias" because Samella's attorney "noted a suspected personal relationship between Goodwin's attorney and the trial judge based on behaviors he witnessed." (*Id.*) Plaintiffs allege that Goodwin's false report caused Samella to be "maliciously prosecuted." (*Id.* ¶ 11(c).)

Plaintiffs assert claims for (1) retaliation based on their exercise of rights under the First Amendment, (2) violations of the Fourth and (3) Fourteenth Amendments, (4) spoliation of evidence, (5) conspiracy to deprive Plaintiffs of civil rights, and (6) failure to train and supervise (as to the municipal defendant). (*See* Am. Compl. ¶¶ 36-49.) Each claim is predicated on 42 U.S.C. § 1983. (*See id.*)

## II.  LEGAL STANDARDS

In deciding a motion to dismiss for failure to state a claim on which relief may be granted under Rule 12(b)(6), the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205–06 (5th Cir. 2007). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A recitation of the elements of a cause of action, supported merely by conclusory statements, do not suffice. *See id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557 (cleaned up)).

Federal Rule of Civil Procedure 8(a)(2) does not mandate detailed factual allegations, but it does require that a plaintiff allege more than labels and conclusions. And, while a court must accept a plaintiff's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Consequently, a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* And so, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely,

and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (citing Fed. R. Civ. P. 8(a)(2)-(3), (d)(1), (e)).

In deciding a Rule 12(b)(6) motion, courts limit review to the face of the pleadings. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). "If matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal citation marks omitted). But documents attached to a motion to dismiss "are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Id.* (quoting *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004), and citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)); *see also Carter v. First Nat'l Collection Bureau, Inc.*, 135 F. Supp. 3d 565, 574 n.11 (S.D. Tex. 2015) ("The Court may consider, in a Rule 12(b)(6) analysis, documents attached to a motion to dismiss—or, as here, to a response in opposition to a motion to dismiss—if the documents are 'sufficiently referenced in the complaint.'" (citing *Walch v. Adjutant Gen.'s Dep't of Texas*, 533 F.3d 289, 294 (5th Cir. 2008))).

A plaintiff may not amend his allegations through a response to a motion to dismiss, Fed. R. Civ. P. 8(a), but leave to amend must be granted freely "when justice so requires," Fed. R. Civ. P. 15(a)(2). The Court may deny leave to amend only when "there is a substantial reason to deny leave to amend." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). One such reason is futility: "If the

complaint, as amended, would be subject to dismissal, then amendment is futile and the district court [is] within its discretion to deny leave to amend." *Martinez v. Nueces Cnty., Tex.*, 71 F.4th 385, 391 (5th Cir. 2023) (quoting *Ariyan, Inc. v. Sewerage & Water Bd. of New Orleans*, 29 F.4th 226, 229 (5th Cir. 2022)).

Pro se complaints receive a "liberal construction." *Brown v. Tarrant Cnty., Texas*, 985 F.3d 489, 494 (5th Cir. 2021) (citations omitted). A "pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotations omitted). But "mere conclusory allegations on a critical issue are insufficient." *Id.* "Liberal construction does not require that the Court . . . create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-CV-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013).

"Although dismissal under Rule 12(b)(6) is ordinarily determined by whether the facts alleged in the complaint, if true, give rise to a cause of action, a claim may also be dismissed if a successful affirmative defense appears clearly on the face of the pleadings." *Bustamante v. City of Dallas, Texas*, No. 3:20-CV-1187-D, 2020 WL 7122864, at *1 (N.D. Tex. Dec. 4, 2020) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)). Res judicata, when established, provides a permissible basis for dismissal. *See id.* at *2. "[F]ederal courts are permitted to refer to matters of public record when deciding a 12(b)(6) motion to dismiss." *Id.* (quoting *Davis v. Bayless*, 70 F.3d 367, 372 n.3 (5th Cir. 1995)).

### III.  ANALYSIS

As noted at the outset, Goodwin filed her motion on January 23, 2026.  (*See* Dkt. No. 17.)  Asserting that they were beset by internet outages, the death of loved ones, and other challenges, Plaintiffs sought and received extensions of their deadline to file a response until February 26, but the undersigned declined to further extend Plaintiffs' deadline based on unsubstantiated assertions that they were unable to file a response.  (*See* Dkt. Nos. 29, 31, 32, 33, 38, 40.)  On February 25, Plaintiffs filed a "Protective Response" and "Request for Leave to Supplement."  (Dkt. No. 37.) Plaintiffs' response notes their opposition to Goodwin's motion but provides no substance—no "contentions of fact and/or law" or "argument and authorities[.]" *See* N.D. Tex. L. Civ. R. 7.1(d).  Plaintiffs nominally request leave to supplement their response "with a more complete opposition as soon as reasonably possible." (Resp. at 2.)  In the two months since, however, Plaintiffs have not requested leave to file a supplemental response.  Goodwin's motion is ripe for decision, and the undersigned considers it on the grounds raised in the motion notwithstanding Plaintiffs' failure to file a substantive response.

**A.**    **Res judicata bars Plaintiffs' claims against Goodwin in this lawsuit.**

"Res judicata (or claim preclusion) . . . bars all claims that were or could have been advanced in support of a cause of action on the occasion of its former adjudication."  *Bustamante*, 2020 WL 7122864, at *2.  When, as here, a court is called upon to determine whether a prior state lawsuit bars the instant claims

asserted in a federal case, the court applies state law. *Id.* (citing *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 756 (5th Cir. 1996)).

> Texas courts follow the transactional approach in determining claim preclusion. "A subsequent suit will be barred if it arises out of the same subject matter of a previous suit and which through the exercise of diligence, could have been litigated in a prior suit." *Barr v. Resolution Tr. Corp.*, 837 S.W.2d 627, 631 (Tex. 1992). To establish that a claim is barred by res judicata, a party must show the following: (1) a prior final judgment on the merits rendered by a court of competent jurisdiction, (2) identity of the parties or those in privity with them, and (3) a second action based on the same claims as were raised or could have been raised in the first action. *See Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996) (citing *Texas Water Rights Comm'n v. Crow Iron Works*, 582 S.W.2d 768, 771-72 (Tex. 1979)); *see also Getty Oil Co. v. Ins. Co. of N. Am.*, 845 S.W.2d 794, 800 (Tex. 1992). To decide whether the instant suit involves the same cause of action as the State Lawsuit, the court examines whether the "plaintiff bases the two actions on the same nucleus of operative facts." *Travelers Ins. Co. v. St. Judge Hosp.*, 37 F.3d 193, 195 (5th Cir. 1994).

*Bustamante*, 2020 WL 7122864, at *2.

According to a petition filed on August 25, 2022, Samella sued Goodwin in the 193rd Judicial District Court for Dallas County, Texas. (*See* Pl.'s Orig. Pet., *Anderson v. Goodwin*, Cause No. DC-22-10908 (193d Jud. Dist. Ct., Dallas Cnty., Tex. Aug. 25, 2022).) In an amended petition, Samella alleged that, as a result of Goodwin's loss in the homeowner's association election, Goodwin falsely reported that Samella threatened her. (Pl.'s 1st Am. Pet., *Anderson v. Goodwin*, Cause No. DC-22-10908 (193d Jud. Dist. Ct., Dallas Cnty., Tex. Dec. 12, 2022) ("Am. Pet.").) Although Samella made several factual allegations about her feud with Goodwin, the central basis for Samella's lawsuit was her allegation that, on July 29, 2021,

Goodwin falsely accused Samella of brandishing a handgun and threatening to "blow her head off." (*Id.* at 2, 3-4.) Samella asserted claims against Goodwin for abuse of process, malicious prosecution, and defamation. (*Id.* at 5-6.) The state court granted Goodwin's motion to dismiss and dismissed Samella's claims with prejudice. (*See* Dkt. No. 18 at ECF p. 16.)[3] The state court also awarded Goodwin her attorney's fees and costs. (*See id.* at ECF p. 19-20.) Samella appealed, and the Court of Appeals of Texas affirmed. *See Anderson v. Goodwin*, No. 05-23-00343-CV, 2024 WL 725669 (Tex. App.—Dallas Feb. 22, 2024, no pet.) (unpublished).

Goodwin has established the elements required for res judicata. A state court of competent jurisdiction resolved Samella's claims on the merits, dismissing her claims with prejudice. And that dismissal has become final through the appellate process. The parties are identical as to Samella and Goodwin, and a review of the amended complaint filed in this case reveals no claim by Author against Goodwin that is independent of Samella's legal interests. *See Solis v. U.S. Bank Nat'l Ass'n*, No. 3:22-CV-575-S-BT, 2022 WL 16839507, at *3 (N.D. Tex. Oct. 24, 2022), *accepted*, 2022 WL 16842674 (N.D. Tex. Nov. 9, 2022). Finally, Plaintiffs' claims against Goodwin arise out of the same nucleus of operative facts—i.e., Goodwin's alleged false report to police in July 2021. Because Goodwin has established that res

---

[3] In citing Goodwin's supporting materials by "ECF p.," the undersigned refers to the page number affixed to the top of the filing by the Court's ECF system.

judicate precludes Plaintiffs' claims against her in this lawsuit, her motion to dismiss should be granted.

**B.      Plaintiffs do not sufficiently allege that Goodwin was a state actor or engaged in a conspiracy.**

Goodwin points to an independent and additional ground that supports her motion to dismiss—that Plaintiffs fail to allege facts showing that she may be held liable under 42 U.S.C. § 1983 for state action.  Section 1983 creates a claim only against person who acted under color of state law.  *See* 42 U.S.C. § 1983; *see Quiroz v. Hernandez*, 167 F.4th 254, 260–61 (5th Cir. 2025) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" (quoting *Am. Manuf. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)).  Plaintiffs' assertion that Goodwin falsely reported to police that Samella committed a crime is not sufficient to allege that Goodwin was a state actor. *See Searcy v. Brossard*, No. CV H-23-3441, 2023 WL 6162758, at *1 (S.D. Tex. Sept. 20, 2023).

The Fifth Circuit has recognized that a private individual can be held liable under § 1983 when the individual "was a 'willful participant in joint activity with the State or its agents.'" *Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004) (quoting *Cinel v. Connick*, 15 F.3d 1338, 1342 (5th Cir. 1994)).  To state a claim against a private individual on this basis, a plaintiff must allege specific facts showing (1) an agreement between the private and public defendants to commit an illegal act,

and (2) deprivation of a constitutional right. *Id.* "Allegations that are merely conclusory . . . will not suffice." *Id.*

Plaintiffs allege that Defendants, including Goodwin, "conspired to deprive Plaintiffs of their constitutional rights[.]" (Am. Compl. ¶ 44.)  They allege that Defendants did so, among other ways, by "coordinating defamatory and retaliatory actions" and "[c]oordinating efforts to suppress public engagement in government proceedings[.]" (*Id.*)  But these are the kind of conclusory allegations that do not suffice to plausibly show that Goodwin was a willful participant in joint activity with any state actor to violate Plaintiffs' constitutional rights. *Cf. Davis v. City of McLendon-Chisholm*, No. 3:23-CV-1994-S-BW, 2025 WL 848474, at *6 (N.D. Tex. Feb. 5, 2025) (recommending dismissal of § 1983 conspiracy claim based on conclusory assertion that neighbor conspired with state actors), *accepted*, 2025 WL 847877 (N.D. Tex. Mar. 18, 2025).  Because Plaintiffs do not sufficiently establish that Goodwin was a state actor or conspired with one, Plaintiffs' claims—which are all asserted under § 1983—should be dismissed.

## IV.  LEAVE TO AMEND

Generally, "a pro se litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009).  The general preference to allow a plaintiff to replead, however, does not apply when it is clear that the pleading defect is incurable. *See In re Am. Airlines, Inc., Priv. Litig.*, 370 F. Supp. 2d 552, 567-68 (N.D. Tex. 2005).  Here, the undersigned

-11-

concludes that Plaintiffs' claims against Goodwin are barred as a matter of law under the doctrine of res judicata, and any amendment would be futile. *See Urteago v. Bridgestone Americas Inc.*, No. 6:20-CV-19-H-BU, 2020 WL 8093582, at *3 (N.D. Tex. Dec. 16, 2020) (recommending dismissal without opportunity to amend based on conclusion that lawsuit was barred by res judicata), *accepted*, 2021 WL 122844 (N.D. Tex. Jan. 13, 2021).

## V.  RECOMMENDATION

Defendant Goodwin's motion to dismiss (Dkt. No. 17) should be **GRANTED**, and Plaintiffs' claims against Goodwin should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on April 21, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

-13-